**LAW OFFICES OF ROSS CORNELL, APC**

Ross Cornell, Esq.   (SBN 210413)
Post Office Box 1989, Suite 305
Big Bear Lake, CA 92315
rc@rosscornelllaw.com
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorneys of Record for Plaintiff,
Bryan Estrada

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada,<br><br>         Plaintiff,<br><br>         v.<br><br>Scott Hunt; Sandra Martin; Homayoon Shamolian; Janet Shamolian and Does 1-10, inclusive,<br><br>         Defendants. | Case No. 5:22-cv-66<br><br>**COMPLAINT** |

-1-
**COMPLAINT**

## NATURE OF THE ACTION

1. This is an action seeking to remedy unlawful discrimination by the Defendants against the Plaintiff in the Defendants' places of public accommodation in violation of the Americans with Disabilities Act [42 *U.S.C.* § 12101, *et seq.*] (the "ADA").

## PARTIES

2. Plaintiff, Bryan Estrada, is a paraplegic resident of the state of California who requires the use of a wheelchair for mobility purposes and who is therefore a "person with a disability" within the meaning of the ADA and *Cal.Government Code* § 12926.

3. The Defendants (defined below) discriminates against People with mobility disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations on the basis of their mobility disability at the Subject Property (defined below) in violation of the ADA [42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and 12182(b)(2)(A)(v)].

4. The Defendant's failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities prevented people with mobility disabilities from enjoying fair and equal access to the Subject Property (defined below) in violation of the ADA [42 U.S.C. § 12182(b)(2)(A)(ii)].

5. Defendant, Scott Hunt, owns, operates, or leases real property located at 22400 Barton Rd. Unit 23, Grand Terrace, CA 92313, also known as San Bernardino County Assessor's Parcel No. 275-301-02 (the "Subject Property").

6. Defendant, Sandra Martin, owns, operates, or leases the Subject Property.

7. Defendant, Homayoon Shamolian, owns, operates, or leases the Subject Property.

8. Defendant, Janet Shamolian, owns, operates, or leases the Subject Property.

9. The Subject Property is a commercial facility open to the general public, is a public accommodation, and is a business establishment insofar as goods and/or services are made available to the general public thereat. Defendant Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the harm to Plaintiff herein alleged were proximately caused by those Defendants.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331and28 U.S.C. §§1343(a)(3) and 1343(a)(4) for violations of the ADA.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the fact that the real property that is the subject of this action is located in this district and the Plaintiff's causes of action arose in this district.

## STATEMENT OF FACTS

12.     Parking spaces, accessible aisles, paths of travel, signage, doorways, service counters, customer areas and goods/services are among the facilities, privileges and advantages offered by the Defendants to patrons of the Subject Property.

13.     The Subject Property does not comply with the minimum requirements of the ADA and is therefore not equally accessible to persons with mobility disabilities.

14.     In June, 2021 and continuously from that time to the Present, and currently, the Subject Property has not been in compliance with the ADA (the "Barriers"):

A.      The Subject Property lacks the minimum required number of ADA compliant accessible parking spaces.

B.      The designated "accessible" parking space(s) and/or blue striped access aisles provided at the Subject Property are smaller than permitted by the ADA.

C.      There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property.

D.      The stairway only has a handrail on one side.  Accessible stairways must have handrails on both sides.

    E. The handrail does not extend for the correct distance and/or direction at the bottom of the stairway. At the bottom of a stair flight, handrails shall extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing.

    F. The detectable warnings are not installed the full length of the blended transition between the vehicle way and the walk to warn the visually impaired of a potentially hazardous vehicular ways.

    G. The striping for the accessible parking stalls loading/unloading access aisle is missing.

    H. Parked vehicles reduce the required width of the accessible route, and wheel stops are missing.

    I. Concrete expansion joints along primary paths of travel are spaced greater than 1/2 inch.

    J. A compliant room identification sign is missing on the strike side of the restroom doors.

    K. The restrooms lavatories lack required clear knee space.

    L. The toilets provided for customers lack required grab bars.

    M. The toilet seat dispenser is mounted to high and is not mounted in an accessible location.

    N. The toilet stall is not wide enough.

    O. There are no wheelchair accessible tables.

    P. The doorway to the patio has a threshold that is too high.

    Q. The counter seating is too short.

15. Plaintiff personally encountered one or more of the Barriers at the Subject Property in June, 2021. Between June, 2021 and the present, the Plaintiff had personal knowledge of the existence of Barriers at the Subject Property.

16. The existence of Barriers, the implementation of discriminatory policies, practices and procedures, and other ADA violations at the Subject Property reasonably dissuaded or deterred Plaintiff from accessing the Subject Property on a particular occasion between June, 2021 and the present.

17. On information and belief, the remediation of violations identified hereinabove, to be identified by the Defendants in discovery, and to be discovered by Plaintiff's experts are all readily achievable in that the removal of them by the Defendants is and has been easily accomplishable without much difficulty or expense.

18. Defendants violated the ADA by failing to remove all mobility-related architectural barriers at the Subject Property. On information and belief, Plaintiff alleges that the failure to remove barriers has been knowing, willful and intentional because the barriers described herein are clearly visible and tend to be obvious even to a casual observer and because the Defendants operate the Subject Property and have control over conditions thereat and as such they have, and have had, the means and ability to make the necessary remediation of access barriers if they had ever so intended.

19. On information and belief, access barriers at the Subject Property are being consciously ignored by the Defendants; the Defendants have knowingly disregarded the ongoing duty to remove the Barriers in compliance with the ADA. Plaintiff further alleges on information and belief that there are other

**COMPLAINT**

ADA violations and unlawful architectural barriers at the Subject Property that relate to Plaintiff's mobility disability that will be determined in discovery, the remediation of which is required under the ADA.

20. Plaintiff hereby seeks to remediate and remove all barriers related to his mobility disability, whether presently known or unknown and intends to return to the Subject Property to observe and confirm whether access barriers have been removed.

21. Even if strictly compliant barrier removal were determined to be structurally or otherwise impracticable, there are many alternative methods of providing accommodations that are readily apparent and that could provide a greater degree of accessibility to the Plaintiff and similarly situated persons ***but for*** the Defendants' discriminatory policies, practices and procedures and Defendants' conscious indifference to their legal obligations and to the rights of persons with mobility disabilities. Defendants' failure to implement reasonable available alternative methods of providing access violates the ADA [42 U.S.C. § 12182(b)(2)(A)(v)].

22. The violations and references to code sections herein are not all-inclusive. Plaintiff will amend this complaint to provide a complete description of the full scope of ADA violations after conducting a comprehensive expert site inspection and other discovery. For the purposes of this Complaint, Plaintiff asserts that the barriers alleged herein violate one or more of the ADA's implementing regulations. The Defendants have maintained and continue to maintain discriminatory policies, procedures and practices that disregard their obligations under the ADA by allocating resources for physical improvements to the Subject Property that were did not provide legally required accessibility improvements, by

failing to conduct ADA self-inspections or create ADA compliance plans regarding the Subject Property, by causing alterations to be made to the Subject Property in disregard of ADA requirements, and for failing and refusing to make necessary accommodations for persons with mobility disabilities at the Subject Property.  Plaintiff seeks a declaration that the Defendants' disability rights compliance policies, procedures and practices are discriminatory and violate the ADA.

**FIRST CAUSE OF ACTION**
Discrimination Based on Disability
[42 U.S.C. §§ 12101, *et seq.*]
By Plaintiff against all Defendants

23.　Plaintiff re-alleges and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this complaint.

24.　The ADA obligates owners, operators, lessees and lessors of public accommodations to ensure that the privileges, advantages, accommodations, facilities, goods and services are offered fully and equally to persons with disabilities, including the Plaintiff and others similarly situated [42 U.S.C. § 12182(a)].

25.　Discrimination is defined in the ADA, *inter alia*, as follows:

　　A.　A failure to remove architectural barriers where such removal is readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)].  Architectural barriers are identified and described in the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") [28 C.F.R. Part 36, Appendix "D"].

　　B.　A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible

to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities [42 U.S.C. § 12183(a)(2)].

    C. Where an entity can demonstrate that the removal of a barrier is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable [42 U.S.C. § 12182(b)(2)(A)(v)].

    D. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations [42 U.S.C. § 12182(b)(2)(A)(ii)].

  26. The ADA, the ADAAG's 1991 Standards (the "1991 Standards") and 2010 Standards (the "2010 Standards"), and the California Building Code (the "CBC") contain minimum standards that constitute legal requirements regarding wheelchair accessibility at places of public accommodation:

    A. If parking spaces are provided for self-parking by employees or visitors, or both, then the subject property must provide at least the minimum required number of accessible parking spaces. Accessible parking spaces must be marked to define their width and must have an adjacent ADA

compliant access aisle. Accessible parking spaces must be at least 96 inches wide and van parking spaces must be at least 132 inches wide except that van parking spaces can be 96 inches wide where the access aisle is not less than 96 inches wide [1991 Standards § 4.1.2(5); 2010 Standards § 208 and 502.2]. Here, the Subject Property does not comply with the ADA.

B.    To properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length [CBC § 11B-502.2].

C.    At least one accessible route must be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route must, to the maximum extent feasible, coincide with the route for the general public, must connect accessible buildings, facilities, elements, and spaces that are on the same site, and at least one accessible route must connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility [1991 Standards §§4.1.2(1) and 4.3.2; 2010 Standards §§206 and 401].

D.    Stairways shall have handrails at both sides of all stairs [1991 ADAAG Section 4.9.4(1)].

E.    At the bottom of a stair flight, handrails shall extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing [2010 ADAS Section 505.10.3].

F.    If a walk crosses or adjoins a vehicular way, and the walking surfaces are not separated by curbs, railings, or other elements between the pedestrian areas and vehicular areas, the boundary between the

areas shall be defined by a continuous detectable warning[1991 ADAAG Section 4.29.5].

   G. Access aisles shall be marked so as to discourage parking in them [2010 ADAS Section 502.3.3].

   H. Parking spaces and access aisles shall be designed so that cars and vans, when parked, cannot obstruct the required clear width of adjacent accessible routes [2010 ADAS Section 502.7].

   I. Openings in floor or ground surfaces shall not allow passage of a sphere more than 1/2 inch (13 mm) diameter [2010 ADAS Section 302.3]; if gratings are located in walking surfaces, then they shall have spaces no greater than 1/2 in (13 mm) wide in one direction [1991 ADAAG Section 4.5.4].

   J. Where permanent identification is provided for rooms and spaces, signs shall be installed on the wall adjacent to the latch side of the door [1991 ADAAG Section 4.30.6].

   K. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches (280 mm) deep minimum at 9 inches (230 mm) above the finish floor or ground, and 8 inches (205 mm) deep minimum at 27 inches (685 mm) above the finish floor or ground [2010 ADAS Section 306.3.3].

   L. Grab bars for water closets shall be provided on the side wall closest to the water closet and on the rear wall [2010 ADAS Section 604.5].

   M. Dispensers must have all operable parts a maximum of 48 inches above the floor and must be provided on an accessible route [2010 ADAS Section 205.1].

    N. Wheelchair accessible compartments shall be 60 inches (1525mm) wide minimum measured perpendicular to the side wall, and 56 inches (1420 mm) deep minimum [2010 ADAS Section 604.8.1.1].

    O. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902 [2010 ADAS Section 226.1].

    P. Thresholds, if provided at doorways, shall be 1/2 inch (13 mm) high maximum [2010 ADAS Section 404.2.5].

    Q. Where food or drink is served at counters exceeding 34 in (865mm) in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 in (1525 mm) in length minimum shall be provided in compliance with 4.32 or service shall be available at accessible tables within the same area [1991 ADAAG Section 5.2].

    27. The Defendants have failed to comply with minimum ADA standards and have discriminated against persons with mobility disabilities on the basis of thereof. Each of the barriers and accessibility violations set forth above is readily achievable to remove, is the result of an alteration that was completed without meeting minimum ADA standards, or could be easily remediated by implementation of one or more available alternative accommodations. Accordingly, the Defendants have violated the ADA.

    28. The Defendants are obligated to maintain in operable working condition those features of the Subject Property's facilities and equipment that are required to be readily accessible to and usable by

Plaintiff and similarly situated persons with disabilities [28 C.F.R. § 36.211(a)]. The Defendants failure to ensure that accessible facilities at the Subject Property were available and ready to be used by the Plaintiff violates the ADA.

29. The Defendants have a duty to remove architectural barriers where readily achievable, to make alterations that are consistent with minimum ADA standards and to provide alternative accommodations where necessary to provide wheelchair access. The Defendants benign neglect of these duties, together with their general apathy and indifference towards persons with disabilities, violates the ADA.

30. The Defendants have an obligation to maintain policies, practices and procedures that do not discriminate against the Plaintiff and similarly situated persons with mobility disabilities on the basis of their disabilities. The Defendants have maintained and continue to maintain a policy of disregarding their obligations under the ADA, of allocating resources for improvements insufficient to satisfy legal requirements regarding accessibility improvements, of failing to conduct ADA self-inspections or create ADA compliance plans, of causing alterations to be made to the Subject Property in disregard of ADA requirements, and of failing and refusing to make necessary accommodations for persons with mobility disabilities at the Subject Property, in violation of the ADA.

31. The Defendants wrongful conduct is continuing in that Defendants continue to deny full, fair and equal access to their business establishment and full, fair and equal accommodations, advantages, facilities, privileges and services to Plaintiff as a disabled person due to Plaintiff's disability. The foregoing conduct constitutes unlawful

discrimination against the Plaintiff and other mobility disabled persons who, like the Plaintiff, will benefit from an order that the Defendants remove barriers and improve access by complying with minimum ADA standards.

## PRAYER FOR RELIEF

Plaintiff prays to this Court for injunctive, declaratory and all other appropriate relief under the ADA , including but not limited to reasonable attorney's fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205.

> **Note**:  Plaintiff is not invoking *Cal. Civil Code* § 55 and does not seek injunctive relief under the Unruh Act or Disabled Persons Act at all by way of this action.

Respectfully submitted,

Dated: 01/11/2022                    LAW OFFICES OF ROSS CORNELL, APC


By:   /s/ Ross Cornell
         Ross Cornell, Esq.,
         Attorneys for Plaintiff,
         Bryan Estrada